UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL NO. 04-fj-01-DCR

FORD DEALER COMPUTER
SERVICES, INC., n/k/a DEALER
COMPUTER SERVICES, INC.                                          PLAINTIFF

vs:    **MEMORANDUM OPINION and**
       **REPORT AND RECOMMENDATION**

HARLAN MOTOR COMPANY                                             DEFENDANT

\* \* \* \* \* \* \* \*

On May 23, 2005, the plaintiff filed a motion to compel the production of the financial records of Harlan Motor Company, Harold's Used Cars, Bon Trucking Company, Harlan Auto & Equipment Company, Alonzo Cornett and Harvey Napier (DE #7), which motion was coupled with its Response to Objection (DE #6), which objection (DE #5) was filed by a nonparty, The Bank of Harlan, objecting to a subpoena served upon it by the plaintiff. The matter was assigned to the Magistrate Judge for a Report and Recommendation (DE #8).

Having considered the entire record, including memorandums filed by counsel for The Bank of Harlan and the plaintiff, the Magistrate Judge makes the following proposed Findings of Fact and Conclusions of Law:

Page -1-

## FINDINGS OF FACT

1) The plaintiff seeks to enforce a foreign judgment against the defendant, Harlan Motor Company (DE #1). In attempting to determine available assets of the defendant corporation, to satisfy its foreign judgment, plaintiff's counsel took the depositions of two principals of the defendant, being its President, Alonzo Cornett, and its secretary, Harvey Napier. It is alleged that both admitted that the defendant corporation had engaged in a number of transactions with Bon Trucking Company, Harold's Used Cars, Harlan Auto & Equipment Company, as well as personal transactions with Harlan Motor Company. It is further alleged that both Mr. Napier and Mr. Cornett testified that all the banking and financial records of all of the above corporations were held by the Bank of Harlan.

2) As noted, plaintiff alleges that the two principal owners of the defendant corporation have engaged in a number of transactions with the three other corporations, which are owned or controlled by them, as well as personal transactions with the defendant corporation. Plaintiff concludes with its belief that "... these transactions represent the concealment and secreting of corporate assets which would otherwise be available to satisfy Plaintiff's judgment."

3) Plaintiff states that at the depositions of the two principals of the defendant corporation to determine the assets that exist to satisfy the judgment,

each testified that the banking and financial records of the corporations are held by an unrelated nonparty, The Bank of Harlan. Thereupon, the plaintiff had a subpoena issued to the nonparty seeking:

> "All financial and banking records, including copies of bank statements and cancelled checks for Harlan Motor Company, Harold's Used Cars, Bon Trucking Company, Harlan Auto & Equipment Company, Alonzo Cornett and Harvey Napier."(DE #4)

4) Counsel for the bank objected to the subpoena, attaching the affidavit of Edward Parsons, CEO of The Bank of Harlan. It pointed out that the subpoena commands production of the financial and banking records, including cancelled checks and deposits of six (6) persons or entities from November 7, 1994, to the current time. The Bank contends that the records between November 7, 1994 and December 31, 1996, are not available "due to the condition of the microfilm [upon which they were stored] and the lack of a working machine to read the film." As to the more recent records sought to be produced by the plaintiff, the Bank states that such production would necessitate the Bank "...to assign one of its employees over a period of weeks or months to devote full time retrieving and copying the records at great expense to the Bank." Finally, the Bank contends that there is no showing that plaintiff has exhausted other sources to obtain the same records from the person or entities whose records are being subpoenaed.

## CONCLUSIONS OF LAW

In its response, plaintiff cites only one authority, being <u>United States v. International Business Machines Corporation</u>, 62 F.R.D. 507 (S.D.N.Y. 1974) for the proposition that "it is accepted that nonparties may bear some costs of discovery." However, that case is only remotely in point. There, the Court pointed out that that case involved "a major antitrust suit brought on behalf of all the people", rather than an action between private litigants. *Id.* At 509. The Court further emphasized that the movants would "necessarily be most affected by the final judgment." *Id.* At 510. Finally, the Court found that the "movants have greater sources to bear these costs." *Id.* At 510.

Here, this is a case between private litigants, both being corporations. The Bank of Harlan cannot be affected by the final judgment, and there is nothing in the record showing it to have greater resources than the plaintiff corporation. Moreover, the Court in the <u>IBM</u> case cited relevant case law that advancement of costs as a condition for denial of a motion to quash a subpoena is committed to the sound discretion of the court. *Id.* At 509.

Any order requiring a nonparty to comply with a subpoena for production of documents must also have to require that it be protected from significant expense in producing the requested documents. <u>In re Exxon Valdez</u>, 142 F.R.D. 380

(D.C.C. 1992). See also *Linder v. Calero-Portocarrero*, 251 F.3d 178 (D.C. Cir. 2001). It has also been held that a subpoena duces tecum to produce documentary evidence is subject to being quashed or modified for being unreasonable, or conditionally allowed upon payment of production costs; it may also be subject to a protective order. *Anker v. G.D. Searle & Co.*, 126 F.R.D. 515 (M.D.N.C. 1989).

Rule 45(c)(1) imposes an affirmative duty upon the attorney responsible for the issuance of a subpoena to take "reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Rule 45(c)(2)(B) authorizes a person subpoenaed for the production of documents to assert written objections to producing any or all of the designated materials. The filing of the objection suspends any duty to produce the documents until the party serving the subpoena procures an order compelling production. If the court thereafter grants the motion to compel, the court's order must "protect any person who is not a party ... from significant expense resulting from the inspection and copying commanded." Finally, Rule 45(c)(3)(A) authorized motions to quash subpoenas on a number of grounds.

Without question, a judgment creditor is entitled to pursue discovery in aid of execution. However, courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the

status of the person as a nonparty is a factor that weighs against disclosure. See *Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed.Cir. 1993), and *Echostar Communications Corp. v. The News Corporation Ltd.*, 180 F.R.D. 391, 394 (D.Colo. 1998). Although The Bank of Harlan's status as a nonparty does not relieve it of its obligations to respond to proper discovery requests or to comply with the applicable rules, it does entitle it to consideration regarding expense and inconvenience. See *American Electric Power Company v. United States*, 191 F.R.D. 132 (S.D. Ohio 1999), citing *Semtek Int'l, Inc. V. Merkurity, Ltd.*, 1996 W.L. 238538 (N.D.N.Y. 1996); also see *Cantaline v. Raymark Industries, Inc.*, 103 F.R.D. 447 (D.C. Fl. 1984)(Plaintiffs required to advance $4,289.69 to nonparty, as constituting reasonable costs of producing materials sought under subpoena duces tecum).

    The sparse record before the Court makes it difficult, if not impossible, to determine if the documents could be obtained from a more convenient source.[1] The Magistrate Judge seriously questions the testimony of the defendant's principals that the financial records of their corporations are held by the Bank of Harlan. It wold be highly unusual for a bank to hold any customer's financial

---

[1] It is noted that the plaintiff did have subpoenas issued for the "business and financial records and corporate minutes of Harlan Motor Company, Inc."

records. On the other hand, monthly statements reflecting all deposits into each corporation's accounts at the Bank, along with copies of cancelled checks, can be retrieved by the Bank, at least those created after December 31, 1996. Whether the retrieval can be easily obtained from "a highly organized computer system that the bank regularly uses as part of its daily business" (as contended by plaintiff), or whether it will require a bank employee to devote full time "over a period of weeks or months" (as contended by the Bank) cannot be decided on the present record. Regardless, whatever expense is incurred should be borne by the plaintiff, rather than the nonparty bank.[2] As to the microfilm for the period of November 7, 1994 through December 31, 1996, which the bank states cannot be retrieved, same should be made available for inspection by such person as may be designated by the plaintiff to determine whether it is possible to retrieve same.

## RECOMMENDATION

The Magistrate Judge concludes and recommends that the plaintiff's motion to compel should be **GRANTED**, **conditioned** upon the payment by it to the non-party, Bank of Harlan, all reasonable expenses incurred in producing the documents requested for the period commencing December 31, 1996, to the

---

[2]If the plaintiff is successful in this action, the Court may tax the expenses as costs recoverable by plaintiff against the defendant, Harlan Motor Company.

present. See Rule 45(c)(2)(B). The microfilm covering the period commencing November 7, 1994 to December 31, 1996, may be inspected by such agent as may be designated by plaintiff, in an effort to see if those records can also be retrieved.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981), *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *affirmed*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. See *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 at 509 (6th Cir. 1991). A party may file a response to another party's objection within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This the 23rd day of June, 2005.

Signed By:
**J.B. Johnson, Jr.**
United States Magistrate Judge